UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SAM LOSIRI, | No. CV 04-10493-VBK |
| Plaintiff, | MEMORANDUM OPINION, AND ORDER THEREON |
| v. | |
| JO ANNE B. BARNHART, Commissioner of Social Security, | |
| Defendant. | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The Plaintiff and the defendant have filed their pleadings, the defendant has filed the certified transcript of record, and each party has filed a supporting memorandum. After reviewing the matter, the Court concludes that the decision of the Commissioner must be reversed and remanded for further proceedings.

1   Plaintiff asserts that the ALJ's Decision fails to properly
2 analyze the opinions of the examining and treating physicians, and a
3 second issue raised is that the ALJ failed to state sufficient reasons
4 to reject Plaintiff's pain testimony.  The ALJ's complete failure to
5 address the issue of the credibility of Plaintiff's self-reporting of
6 his pain, in and of itself is a sufficient reason to remand for
7 further hearing.  The Court will, however, first discuss the issue of
8 the ALJ's evaluation of the medical evidence.
9   Plaintiff's occupation was as a nuclear medicine technologist.
10 In August, 2000, Plaintiff suffered an on the job injury.  Less than
11 three months later, due to continued pain symptoms, among other
12 things, Plaintiff elected to have an interior cervical discectomy and
13 spinal fusion.  (AR 17-18.)
14   On March 24, 2002, Plaintiff received a complete orthopedic
15 consultative evaluation (CE) from Dr. Boeck.  (AR 284-289.)  This
16 examination was referenced by the ALJ, who described it as
17 "unremarkable", except for some minor motion restrictions in his spine
18 and neck.  The ALJ discussed Dr. Boeck's conclusion that Plaintiff
19 could lift and carry 20 lbs. occasionally and 10 lbs. frequently,
20 stand and walk up to two hours in an eight-hour day, sit for six hours
21 in an eight-hour day, and finally that he should alternate between
22 standing and walking as needed.  (AR 18.)
23   Dr. Boeck's report is far from unremarkable.  Plaintiff
24 complained of pain and numbness in his left shoulder, weakness in his
25 left arm and leg, radicular pain in that area, and grip weakness.
26 Upon objective examination, Dr. Boeck recorded limitations in
27 Plaintiff's ability to extend and bend his lumbar spine; a reduced
28 extension and rotation in his cervical spine; and significant loss of

2

grip strength in his left hand.  (AR 285-287.)  There was also a difference of two centimeters in the thigh circumference and 1.5 centimeters in the calf circumference.  (AR 288.)

Apparently referencing Dr. Boeck's report, the ALJ determined that as of that date (March 14, 2002) the medical evidence established that  Plaintiff has been capable of performing "at least light work." (AR 19.)  The ALJ assessed a residual functional capacity (RFC) which included lifting and carrying 20 lbs. occasionally and 10 lbs. frequently; sitting for six hours in an eight-hour day; standing or walking for six hours; and occasionally stooping, crawling, bending and climbing.  He also posited that plaintiff must be able to alternate positions at will every one to two hours.  (AR 19.) Obviously, except for the lifting limitations, the ALJ's RFC digresses significantly from Dr. Boeck's findings, most particularly, by deleting Dr. Boeck's limitation to standing and walking for two hours, replacing that with a period of six hours in an eight-hour day. Indeed, the Commissioner argues in her cross-motion that the ALJ "properly concluded" that Dr. Boeck's limitations allowed for the performance of light work.  (Cross-Motion at 4, citing AR 19, and 20 CFR § 404.1567(b)).  What is omitted from this citation of authority is the Commissioner's own regulation, SSR 83-10, which defines the full range of light work as entailing standing or walking for a total of six hours in an eight-hour work day.  (Id.)

The ALJ's apparent modification of Dr. Boeck's restrictions is not accompanied by any discussion as to why some of the restrictions were apparently adopted, while others simply fell by the wayside. This is even more significant in view of the fact that Dr. Boeck's restrictions were substantially echoed by the state agency physician,

3

who specifically assessed a stand/walk limitation of two hours in an eight-hour work day. (AR 290-297, Esp at 291.)

The ALJ makes much of his assessment that progress reports of Dr. Kim, the treating orthopedist, from April 2002 to February 22, 2003, showed continuing improvement and good response to physical therapy. (AR 19, 339-355.) The Commissioner echoes these conclusions in her cross-motion (see Cross-Motion at 4). It clearly appears, however, that an attribution of such continued improvement and progress is overly generous, and in fact, is erroneous. The progress note of February 26, 2002, for example provided a release to work on March 11, 2002, with a limitation of no repetitive lifting greater than 20 lbs. (AR 346.) By June 1, 2002, Plaintiff's complaints had increased and more importantly, the objective findings were worse. The progress note reflects a restriction in range of motion in Plaintiff's cervical area. (AR 344.) Similarly, on December 21, 2002, Plaintiff complained of increased pain in his neck, and associated numbness, and the objective findings again were worse, with a report of no change in the range of motion in the cervical spine. (AR 341.) Moreover, the ALJ simply ignored very significant conclusions rendered by Dr. Kim in a check-off form dated April 15, 2003. (AR 320-322.) While the Commissioner in her cross-motion argues that these conclusions are not supported by Dr. Kim's progress notes, that is a defective argument, for two reasons. First, the ALJ did not say this in his decision. Second, it is not at all clear that there is such a marked discrepancy, or any significant discrepancy between the progress notes and the conclusions on the check-off form.

There is also no discussion whatsoever in the decision of the very extensive testimony of Dr. Height, the medical expert (ME).

4

1  Based upon her review of the records, Dr. Height rendered an ultimate
2  conclusion that plaintiff could lift up to 20 lbs. occasionally and 10
3  lbs. frequently, which is consistent with the lifting limitations
4  adopted by the ALJ. There is nothing in the decision, however, which
5  factors in Dr. Height's very significant conclusion that she believed
6  plaintiff should not do any overhead lifting, and that the weight that
7  he could lift would only be as far as his waist. Further, she opined
8  that Plaintiff would have some rotation limitations in his cervical
9  area. (AR 386.)
10    While it is the rare case in which medical findings of treating
11 and examining sources are entirely consistent, the ALJ must synthesize
12 all of this evidence into an ultimate conclusion which is subject to
13 review. If a significant medical finding is to be rejected, a
14 legitimate reason must be proffered in the decision. That process
15 largely did not occur in this case. On remand, the medical evidence
16 will be reevaluated pursuant to applicable legal standards.
17    With regard to the assessment of Plaintiff's credibility,
18 although the Commissioner attempts to argue that the ALJ in fact
19 rejected Plaintiff's subjective complaints, what she points to is, at
20 best, the decision's reference to inconsistencies between the
21 objective evidence and Plaintiff's self-reporting. The issue of pain
22 is extremely important in this case. It does not appear that Dr. Kim,
23 Dr. Boeck, or Dr. Height rejected the existence of pain, as reflected
24 by the various functional limitations which they assessed, and
25 certainly, there is not a hint in any of these records of malingering.
26 On remand, the ALJ will apply proper legal standards to assess
27 Plaintiff's testimony. See Smolen v. Chater, 80 F.3d 1273, 1281 (9th
28 Cir. 1986); Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989).

Based on the foregoing, Plaintiff's motion for summary judgment is granted to the extent it requests remand for further proceedings, and denied to the extent it requests an award of benefits; the Commissioner's cross-motion for summary judgment is denied, and the matter will be remanded for further proceedings consistent with this Memorandum Opinion.

IT IS SO ORDERED.

DATED: September 29, 2005

/s/
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE

6